UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LEWIS,

       Plaintiff,

v().

CORRECTIONAL MEDICAL
SERVICES, DR. PAUL PIPER,
DR. JOHN STEELE, DR. CRAIG
HUTCHINSON, CHERYL WORTHY,
BRENDA HUNTER, MICHIGAN
DEPARTMENT OF CORRECTIONS,
RAYMOND BOOKER, JODI DeANGELO,
PATRICIA CARUSO, and
CHARLES MANGUS,

       Defendants.
_____/

CASE NO. 08-13683
DISTRICT JUDGE ROBERT H. CLELAND
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Respective Motions to Dismiss/for Summary Judgment should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights by any deliberate indifference to his serious medical needs.

\* \* \*

Plaintiff, while incarcerated at the Ryan Road Correctional Facility in Detroit, Michigan[1], filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on August 26, 2008, against the above named defendants, alleging that they had been deliberately indifferent to his serious medical needs. Specifically, Plaintiff asserts that he was denied adequate

---

[1] Plaintiff is currently incarcerated at the Elkton Federal Correctional Institute in Lisbon, Ohio.

medical care for his chronic liver disease. Claiming violations of his Eighth Amendment rights under the federal Constitution, Plaintiff sought compensatory and punitive damages.

Defendant Hutchinson filed a Motion to Dismiss on November 6, 2008, asserting that Plaintiff had failed to state a claim upon which relief may be granted (Docket #22). Defendants Steele and Correctional Medical Services, Inc.,(CMS) filed separate Motions for Summary Judgment on December 1st and December 22, 2008, respectively, based upon a failure to state a claim of inadequate medical care (Docket #31 & #37). Defendants denied any deliberate indifference to a serious medical need. They maintained that they were not deliberately or wantonly indifferent to Plaintiff's serious medical needs, and that they did not knowingly refuse to provide urgently needed medical care so as to cause residual injuries which could have been prevented with timely attention.

Defendants Michigan Department of Corrections (MDOC), Caruso, Williams, Hunter, Booker, DeAngelo and Mangus filed a Motion for Summary Judgment on January 16, 2009, based upon Eleventh Amendment Immunity (MDOC) and a failure to state a claim that they directly participated in, encouraged, or implicitly authorized the alleged unconstitutional conduct (Docket #44). Plaintiff has filed responses to Defendants' respective Motions for Summary Judgment, arguing to the contrary (Docket #47 thru #50).

INADEQUATE MEDICAL TREATMENT

The Eighth Amendment bans cruel and unusual punishment which involves the unnecessary and wanton infliction of pain.  Hudson v. McMillan, 503 U.S. 1, 5 (1992); Pelfrey v. Chambers, 43  F.3d 1034, 1037 (6th Cir. 1995).  It is well established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain.  Estelle v. Gamble, 429 U.S. 97, 104-105 (1976).  To sustain an Eighth

Amendment claim of deliberate indifference to medical needs, a prisoner must satisfy a two prong test.  First, he must demonstrate that the medical needs were serious and required attention that adhered to "contemporary standards of decency." Hudson, 503 U.S. at 8. Then, he must establish that defendants were deliberately indifferent to those needs. Id.

Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health and safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In other words, this prong is satisfied when a prison official acts with criminal recklessness, i.e. when he or she "consciously disregard(s) a substantial risk of serious harm." Brooks v. Celeste, 39 F.3d 125, 128 (6th Cir. 1994)(citing Farmer, 114 U.S. at 839-840).

Mere negligent inattention to a prisoner's request for assistance does not offend substantive due process under the Fourteenth Amendment, Davidson v. Cannon, 474 U.S. 344 (1986), and medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle, 429 U.S. at p. 106.  Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention. The court must consider the wide discretion allowed prison officials in their treatment of prisoners under authorized medical procedures.  Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).

### A. Defendants Piper, Steele and Hutchinson

A review of the circumstances here clearly reveals that Plaintiff's medical needs were not addressed with "deliberate indifference," "intentional delay," or "delay of access to medical care." Estelle, 429 U.S. at 104-105. Plaintiff acknowledged in his complaint that

he received immediate medical treatment for his liver condition while at the Ryan Correctional Facility. Plaintiff stated that, following his discharge from the hospital in March 2006, he was evaluated by prison doctors and a staff dietician (See Complaint, Statement of Facts at paragraphs 1 through 4). Dr. Paul Piper initially examined Plaintiff in August 2006. According to the Complaint, Dr. Piper referred Plaintiff to a dietician, performed physical examinations, monitored his use of prescription medications and authorized a special protein diet to help to alleviate the symptoms caused by the liver disease (See Statement of Facts at paragraphs 5, 15, 22, 24, 27, 28, 31).

Plaintiff's liver condition was also evaluated by Dr. John Steele. According to Plaintiff, the doctor allegedly failed to provide adequate medical treatment when he: a) refused to authorize a 60 gram protein diet; b) did not renew a previously prescribed medication (Atarax); and, c) failed to warn him not to blend two different prescription medications. (See Complaint, Claim for Relief at paragraphs 1 through 3)[2]. Plaintiff further alleged that Dr. Craig Hutchinson, the MDOC Regional Medical Director, refused to allow him access to a gastrointestinal liver specialist because the doctor allegedly did not believe a referral was "medically necessary." (See Statement of Facts at paragraph 21).

Plaintiff's claim against Defendants Piper, Steele and Hutchinson amount to a disagreement with the medical conclusions reached and treatment rendered. Even to the extent that the conclusions or treatment were incorrect or misguided, "medical malpractice

---

[2]Plaintiff made contradictory statements in his Complaint regarding the treatment he received from Dr. Steele. Plaintiff states that the doctor actually approved the 60 gram protein diet, and initially prescribed the drug Atarax (See Complaint, Statement of Facts at paragraphs 4 and 11). Plaintiff does not allege that he was harmed in any way by the doctor's failure to warn against blending the two prescription medications.

4

does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. 105.  Plaintiff does not allege that any of the physicians "consciously disregarded a substantial risk of serious harm." Brooks, 39 F.3d at 128. He simply disagrees with the treatment provided.  A difference of opinion between a prisoner and the treating physician's diagnosis and prescribed treatment does not support an Eighth Amendment claim.  Hix v. Tennessee Dept. of Corrections, 196 F. App'x 350, 356 (6th Cir. 2006); Westlake, 537 F.2d. at 860 n.5.

The only other allegation in the complaint against Dr. Hutchinson is that he failed to properly supervise medical personnel in his role as Regional Medical Director for CMS. There is no allegation that Dr. Hutchinson ever examined Plaintiff, provided him with medical treatment, or otherwise had any personal involvement in her care and treatment. Therefore, it appears that Plaintiff has alleged that Dr. Hutchinson is liable on the basis of his supervisory duties.  In order to state a claim for monetary damages under § 1983, however, Plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976); Poe v. Haydon, 853 F.2d 418, 429 (6th Cir. 1988), cert. denied, 488 U.S. 1007 (1989).

Even accepting the facts as provided by Plaintiff, the record is clear that Defendants Piper, Steele and Hutchinson were not deliberately or wantonly indifferent to his serious medical needs. They did not knowingly refuse to provide urgently needed medical care. Although Plaintiff may not be happy with the treatment he received for his liver condition while in state custody, the record demonstrates that health care personnel were at all times responsive to his medical condition.

In situations such as this, where there is a substantial record of medical treatment, or simply a difference of opinion between a prisoner and prison doctors, the requisite deliberate indifference has usually been held not to exist. Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970). While Plaintiff makes broad conclusory allegations against the two physicians and supervisory medical director, he does not link them to any specific incident in which they were personally indifferent to his medical needs. Plaintiff conclusory allegations are insufficient to state a claim upon which relief can be granted. Defendants Piper[3], Steele and Hutchinson should be dismissed.

### B. Correctional Medical Services (CMS)

The medical personnel who treated Plaintiff worked for CMS, a private corporation which provides medical care at Michigan prisons and camps by contract. CMS, however, acting as an agent of the State, is not liable under the theory of respondeat superior. Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994); Street v. Corrections Corporation of America, 102 F.3d 810, 817-818 (6th Cir. 1996). The general rule is that a private corporation, carrying out a governmental function, may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official

---

[3] Service of process against Defendant Piper was returned unexecuted on October 21, 2008 (Docket #9). Due process requires service of process in order to obtain in personam jurisdiction over an individual defendant. See Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir. 1976). Plaintiff bears the burden of perfecting service of process, and showing that proper service was made. See Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996). Plaintiff has not satisfied this burden. As a result, the complaint against Defendant Piper should be dismissed because he has not been served within 120 days after the filing of the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure. Alternatively, based on the uncontested facts presented in this case, the Complaint should be dismissed against Dr. Piper for failure to state a claim for which relief can be granted.

policy, practice or custom that was a "moving force" behind the alleged constitutional violation. Monell v. Dept of Social Services, 436 U.S. 658, 694 (1978); Graham v. County of Washtenaw, 358 F.3d. 377, 383 (6th Cir. 2004).

Plaintiff has failed to produce evidence that anyone was deliberately indifferent to his medical needs in reliance on any specific custom or procedure maintained by CMS. Furthermore, Plaintiff is completely unable to demonstrate that his alleged injuries resulted from the execution of any particular policy allegedly maintained by CMS. As mentioned above, Dr. Hutchinson, acting a Regional Medical Director for CMS, had no personal involvement in the care and treatment of Plaintiff. Therefore, it was not possible for him to have acted pursuant to any particular policy allegedly maintained by CMS in treating Plaintiff. Accordingly, CMS' Motion for Summary Judgment should be granted.

### C. Defendants Caruso, Booker, DeAngelo, Hunter and Mangus

Alleged liability against Defendants Caruso (Director of MDOC), Booker (Warden), DeAngelo (Assistant to Warden), Hunter (Health Unit Manager) and Mangus (Grievance Administrator) is based upon their supervisory authority and failure to respond to his grievances. Plaintiff does not allege any specific involvement of these state prison officials in his medical treatment. Plaintiff maintains, however, that these officials knew, or should have known, of CMS's inadequate provision of medical care to inmates in the custody of the MDOC. He further maintains the supervisory officials (Caruso, Booker, Hunter) failed to train medical staff or enact policies to ensure against Eighth Amendment violations of the prison's duty to provide medical care.

The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. See Monel, 436 U.S. at 691-695, unless it is shown

**7**

that "the supervisor encouraged [a] specific incident of misconduct or in some other way directly participated in it." Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). At a minimum, a plaintiff must show that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

In this case, Plaintiff fails to demonstrate any specific conduct by these Defendants that would support a finding that they directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Supervisory liability under § 1983 cannot attach where the allegation of liability is based on a mere failure to act. Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999). Liability must be based upon active unconstitutional behavior. Id. Plaintiff offers no case law giving notice to supervisory officials that they can be personally liable for the inadequacies of a medical provider with whom they contracted.

To the extent Plaintiff complains about a failure to respond to his grievances (DeAngelo and Mangus), the general rule is that a combination of knowledge of a prisoner's grievances and failure to respond to or remedy the complaints is insufficient to impose liability upon supervisory personnel under § 1983. Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982), cert. denied, 459 U.S. 833 (1982). Defendants Caruso, Booker, DeAngelo, Hunter and Mangus were merely part of the prison administration during the relevant time, and there is no evidence that any "policy" personally promulgated by them had anything to do with Plaintiff's treatment. Moreover, Plaintiff has not shown that these Defendants had "actual knowledge of a breakdown in the proper workings of the department." See Hill v. Marshall, 962 F.2d 1209, 1213 (6th Cir. 1992). Absent a showing

that they were personally or directly involved, Defendants Caruso, Booker, DeAngelo, Hunter and Mangus should not be held liable for compensatory and punitive damages. Accordingly, the monetary claim against them should be dismissed regardless of the constitutional sufficiency of Plaintiff's actual treatment.

### D. Defendant Cheryl Williams (Worthy)[4]

Defendant Cheryl Williams is a dietician employed by the MDOC. Her primary responsibility is to provide food counseling and nutritional education to prisoners with medical conditions by recommending therapeutic diets (See affidavit of Defendant Williams, attached as Exhibit A to MDOC Defendants' Motion for Summary Judgment). Plaintiff asserts that he never received a 60 gram protein diet prescribed by his doctors, and that Defendant Williams negligently failed to ensure that he got the protein meals. (See Complaint, Statement of Facts at paragraph 6).

Defendant Williams stated that she met with Plaintiff on three occasions in order to supervise the special diet he needed for his liver condition. Following her first visit with Plaintiff in March 2006, Williams asserted that she requested a 60 gram protein diet from the prison's food service department. Defendant Williams met with Plaintiff again in August 2006, and she warned him against eating junk foods. At the time of her last visit in September 2006, Plaintiff indicated that he was following her dietary recommendations. However, the dietician swore that Plaintiff never told her that he had not received the protein diet from food services. (See paragraphs 4 thru 7 of Defendant Williams affidavit, attached to Summary Judgment Motion).

---

[4] In his Complaint, Plaintiff referred to Defendant Cheryl Williams as "Cheryl Worthy", but he was obviously mistaken about her last name.

Even accepting the facts as provided by Plaintiff, he has not stated a claim against Defendant Williams for which relief can be granted.  Plaintiff fails to demonstrate that the dietician intentionally denied, delayed access to, or interfered with any prescribed treatment.  Given the number of consultations between these two parties, Plaintiff can only show that Defendant Williams inadvertently failed to ensure that his prescribed protein diet was being provided. As mentioned above, negligent inattention to a prisoner's request for assistance does not offend substantive due process under the Fourteenth Amendment. Davidson v. Cannon, 474 U.S. 344 (1986). Significantly, Plaintiff does not allege that the dietician "consciously disregarded a substantial risk of serious harm." Brooks, supra, 39 F.3d at 128.  I am persuaded that Defendant Williams was not deliberately or wantonly indifferent to Plaintiff's serious medical needs, and that she did not knowingly refuse to provide urgently needed medical care so as to cause residual injuries which could have been prevented with timely attention.  Defendant Williams Motion for Summary Judgment should be granted.

### E. Defendant Michigan Department of Corrections (MDOC)

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

> U.S. Const. amend. XI.

This immunity is far reaching.  It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-01 (1984).  As a result, the MDOC is entitled to dismissal based on Eleventh Amendment immunity.

For the foregoing reasons, it is recommended that Defendants' respective Motions for Summary Judgment should be granted and the instant case be dismissed.

*Note this especially, at the direction of Judge Cleland:* any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Order to which it pertains. Not later than ten days after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                  s/Donald A. Scheer  
                                  DONALD A. SCHEER  
                                  UNITED STATES MAGISTRATE JUDGE  
DATED: March 6, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on March 6, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 6, 2009: **Ronald Lewis.**

                                  s/Michael E. Lang  
                                  Deputy Clerk to  
                                  Magistrate Judge Donald A. Scheer  
                                  (313) 234-5217