UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LEWIS

       Plaintiff,

v.                                                              Case No. 08-CV-13683

CORRECTIONAL MEDICAL SERVICES, et al.

       Defendants.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION TO ALTER THE JUDGMENT, (2) OVERRULING PLAINTIFF'S OBJECTIONS, AND (3) DENYING PLAINTIFF'S MOTIONS TO COMPEL**

In this *pro se* civil rights complaint, filed pursuant to 42 U.S.C. § 1983, Magistrate Judge Donald A. Scheer entered a report and recommendation ("R&R") on March 6, 2009, recommending that this court grant the summary judgment motions of Defendants Correctional Medical Services ("CMS") and John Steele and grant the remaining Defendants' motions to dismiss. The court adopted the R&R on March 24, 2009. Shortly thereafter, Plaintiff filed the current "Motion to Alter or Amend the Judgment," arguing that he filed objections within the applicable time-frame. Plaintiff also submitted his objections to the R&R. For the reasons stated below, the court will deny Plaintiff's motion to alter the judgment, overrule his objections, and deny Plaintiff's pending motions to compel discovery.

**I. STANDARD**

**A. Review of Reports and Recommendations**

Objections to a magistrate judge's R&R are timely if Petitioner files the objections within ten days of service of a copy of the R&R. 28 U.S.C. § 636(b)(1); E.D. Mich. LR

72.1(d)(2).  If objections are not filed within the ten day period, a party waives any further right to appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  The filing of timely objections to a magistrate judge's R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An  "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.  A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

## II.  DISCUSSION

### A.  Motion to Alter or Amend the Judgment

In adopting the R&R on March 24, 2009, the court observed that "[n]o objections [had] been filed pursuant to 28 U.S.C. § 636(b)(1)(C)."  (3/24/09 Order at 1.)  Further, the court stated that "the failure to object to the magistrate judge's report release[d] the court from its duty to independently review the motion."  (*Id.*)  Plaintiff now argues that, under 28 U.S.C. § 636(b)(1)(C) and the Federal Rules of Civil Procedure, his objections, received by the court on March 25, 2009, were in fact timely and should have been considered.  (Pl.'s 4/1/09 Mot. at 2-3.)  The court agrees.

The magistrate judge issued his R&R on March 6, 2009.  Under both 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2), Plaintiff was required to file his objections to the R&R within ten days after having been served with a copy of the R&R.  Plaintiff contends, via sworn affidavit, that he was not served with a copy of the affidavit until March 11, 2009.  In addition, Plaintiff has submitted a letter, displaying a letterhead of the Federal Bureau of Prisons and signed by Jackie Johnson, Supervisory Correctional Systems Specialist.  In that letter, Ms. Johnson states that Plaintiff "received the magistrate judge's report . . . on March 11, 2009, at 7:00 a.m."  (Pl.'s 4/3/09 Letter at 2.)  Defendants dispute this date and argue that "[s]ervice was accomplished on March 6, 2009."  (Def.'s Resp. at 2.)  As Plaintiff admits, he was served via mail, which equates to service under Federal Rule of Civil Procedure 5(b)(2)(C).  Under that rule, "service is complete upon mailing."  Fed. R. Civ. P.

5(b)(2)(C).  Thus, as Defendant contends, Plaintiff was served when the R&R was mailed, on March 6, 2009.[1]

From March 6, Plaintiff had ten days to file his objections to the R&R.  Fed. R. Civ. P. 72(b)(2).  This ten day period does not include "the day of the [service]", nor does it include "intermediate Saturdays, [or] Sundays."  Fed. R. Civ. P. 6(a)(1), (2).  Thus, Plaintiff had at least until March 20 to file his objections.  This deadline was extended by three days, however, because service was effectuated by mail.  Fed. R. Civ. P. 6(d).  Therefore, Plaintiff had to file any objection to the R&R on or before March 23, 2009.

Generally, a non-electronic submission is considered filed when it is delivered to the clerk of the court.  Fed. R. Civ. P. 5(d)(2)(A).  A special case exists for prisoners though, known as the "prisoner mailbox rule."  Under that rule, prisoner objections are deemed "filed" when delivered to the proper prisoner authorities for mailing.  *Walker v. City of Lakewood*, 35 F.3d 567, 1994 WL 462137, *1-2 (6th Cir. Aug. 25, 1994) (citing *Houston v. Lack*, 487 U.S. 266, 274 (1988)); *see also Taborelli v. Russell*, 2006 WL 724565, *1 n.1 (E.D. Mich. Mar. 17, 2006) (applying *Walker* to accept objections.).  Plaintiff has submitted a sworn affidavit attesting to the fact that he submitted his objections to "the legal mail box" at his prison on March 23, 2009.  He also submits a letter, apparently from the Federal Bureau of Prisons, which states that "[o]n March 23, 2009 . . . [Plaintiff] mailed his rejection [sic] to the magistrate's report."  (Pl.'s 4/3/09 Letter at 2.)  Finally, Plaintiff's objections are signed on March 20, 2009.  (Pl.'s Objs. at

---

[1] Plaintiff does not argue that there was delay between the time the R&R was issued and the time it was mailed to him from the magistrate judge's chambers.

4

17.) *See United States v. Harper*, 2008 WL 4829872, *2 (E.D. Ky. Nov. 5, 2008) (holding "[Plaintiff's] objection is signed on September 18, 2008, well within the ten-day period. Under the 'prison mailbox rule,' the Court will consider the objections as being timely filed."). Defendants "neither admit[] nor den[y] that Plaintiff filed objections on March 23, 2009," but argue that even if the objections were filed on that date, "Plaintiff still did not . . . file objections within 10 days of the Report and Recommendation." As stated above, if submitted on or before March 23, Plaintiff's objections were timely. Applying the time periods applicable through the Federal Rules of Civil Procedure and the "prison mailbox rule," and in light of the evidence Plaintiff has presented that his objections were timely, the court will consider Plaintiff's objections timely as filed. Despite their timeliness, however, and as more thoroughly discussed below, the court finds his objections are without merit and will not now alter or amend the judgment.

### B. Plaintiff's Objections

Plaintiff filed eight objections, which the court will address in turn.

### 1. Objection 1

In Plaintiff's first objection, he "strongly objects" to the R&R and restates a summary of the arguments contained in his complaint. (Pl.'s Objs. at 1-2.) This kind of general objection is not sufficient to alert the court to alleged errors on the part of the magistrate judge and is overruled.

### 2. Objection 2

Plaintiff next objects that, contrary to the R&R, he is now housed in the "FCI Elkton in Ohio." (*Id. at 2.*) Plaintiff's location is not "at the heart of the parties' dispute," *Thomas*, 474 U.S. at 147, and is thus not an appropriate matter for an objection.

### 3.  Objections 3 and 4

Plaintiff's next two objections take issue with the R&R's classification of his claim as one seeking recovery for "inadequate medical treatment" as a basis for a Constitutional violation.  (Pl.'s Objs. at 2-6.)  Plaintiff argues that he "is not only complaining of inadequate medical attention . . . [but also] that he did suffer unnecessary and wanton infliction of pain."  (*Id.* at 4.)  Further, he clarifies that his complaint "is over the fact that he did not receive the necessary treatment for a patient in his condition," and the magistrate judge "[left] out important facts of Plaintiff['s] deliberate indifference claims."  (*Id.* at 5.)  But, in using the heading "inadequate medical treatment," the magistrate judge did correctly identify, and analyze at length, the legal standard for Eighth Amendment medical violations, which included the application of the deliberate indifference standard.  (R&R at 2.)  The "facts" which Plaintiff argues were ignored are, as admitted by Plaintiff, contained in his complaint.  (Pl.'s Objs. at 5.)  Indeed, the "ignored" facts, as alleged by Plaintiff, were addressed in the R&R.[2]  As such, the court finds no error to correct and Plaintiff's third and fourth objections are overruled.

### 4.  Objection 5

Plaintiff's fifth objection argues that the Defendant doctors are "going contrary to treatment prescribed by medical specialists, by terminating prescription drugs, and

---

[2] For example, Plaintiff objects that "Dr. Piper . . . terminated Plaintiff's Actigal prescription." (Pl.'s Objs. at 5.) The magistrate judge noted that Plaintiff complained of Dr. Piper's level of medical service, which included "monitor[ing] his use of prescription medications." (R&R at 4.) The fact that the magistrate judge did not provide intimate detail of what that "monitoring" entailed does not constitute an error going to the heart of these parties' dispute.

delaying outside medical visits." (*Id.* at 7.)  But, as the magistrate judge correctly analyzed, disagreements regarding the particularities of medical treatment, even if stating a claim for negligence, do not state an Eighth Amendment claim.  (R&R at 3.)  Non-party doctors may have charted one course of treatment, but, for any number of reasons, Defendant doctors disagreed and plotted a new course.  Plaintiff admits he received medical treatment but argues that the treatment provided was something different than he expected after consulting with non-party doctors.  What he does not now show, however, is that the change in treatment constituted a "conscious[] disregard[] [of] a substantial risk of serious harm."  *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994).  Plaintiff also objects that his complaint against Defendant Hutchinson is "that he caused a delay and/or denied . . . visits to the outside medical specialist as recommended by the specialist."  (Pl.'s. Objs. at 10.)  Again though, Plaintiff is arguing that he did not receive the treatment he wanted – i.e. the treatment recommended by a non-party doctor.  As the magistrate judge analyzed in detail, such disagreement does not state an Eighth Amendment claim.  (R&R at 5-6.)  Perhaps more importantly, as Plaintiff admits, the facts he now argues were contained in his complaint and later briefs.  (*Id.* at 6.)  An objection that merely restates arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  As such, and because the court perceives no error in the magistrate judge's analysis, Petitioner's objection is overruled.

### 5.  Objection 6

Next, Plaintiff argues that he has demonstrated a sufficient policy, on behalf of Defendant CMS, for Eighth Amendment liability to attach.  (Pl.'s Objs. at 12-13.)

Specifically, he contends CMS maintains a policy under which its employee doctors can "override the recommendation made by the outside medical specialist" based on CMS's "concerns about the rising cost of treatment." (*Id.*)  Again, though, Plaintiff is only arguing that two or more different doctors disagree about the course of treatment to pursue.  Every medical decision necessarily implicates "cost-benefit" analysis – where a program has limited financial resources, it will therefore weigh the benefit of a treatment against the cost of ordering the treatment.  Merely pointing out that the CMS doctors may have chosen a less expensive treatment, while admitting treatment was provided, does not demonstrate deliberate indifference.  Indeed, Plaintiff does not demonstrate that the outside specialist's recommendation was more expensive than the course of treatment prescribed by CMS doctors, or that the final decision was based purely on cost.  As such, his objection is overruled.

Plaintiff also objects to the magistrate judge's finding that Defendant Hutchinson was not personally involved in the care and treatment of Plaintiff, as required for an Eighth Amendment violation.  Plaintiff states that, because "Hutchinson was not personally involved," he was more able to "inject himself into the prevention of recommended treatment." (*Id.* at 13-14.)  Without personal involvement, which Plaintiff admits Defendant Hutchinson did not have, Plaintiff's claim must fail.  This portion of his objection is also overruled.

### 6.  Objection 7

Plaintiff's seventh objection centers on the magistrate judge's finding that individual Eighth Amendment liability cannot be premised only on a failure to act.  (R&R at 8.)  It requires some specific conduct on Defendants' behalf.  (*Id.*)  Inexplicably,

8

Plaintiff recognizes that the correct legal standard was applied, but then objects that "[e]ach one of these Defendants 'personally' turned a blind eye." (Pl.'s Objs. at 15.) Plaintiff thus admits the Defendants did not perform specific acts which resulted in his alleged injury, but only that they did nothing, and "turned a blind eye." His objection reinforces the magistrate judge's conclusion, and is overruled.

### 7.  Objection 8

Finally, Plaintiff objects to the magistrate judge's recommendation that Plaintiff could not demonstrate deliberate indifference by his dietician, Defendant Williams. Plaintiff argues he has shown intentional efforts by Defendant Williams to deny the protein diet recommended for Plaintiff by an non-party specialist. (*Id.* at 16.) Yet Plaintiff states that, "[i]t is true that [Williams] ordered the . . . protein diet, but it was never administered to Plaintiff . . . because [Williams] never completed a detail . . . required by food service." (*Id.*)  What is missing, however, is some demonstration that the alleged missing detail was left off *intentionally*. Conscious disregard of a risk, as required for Plaintiff to state his claim, requires more than unconscious lack of attention to detail. Without more, Plaintiff does not show that the magistrate judge was in error. His final objection is overruled.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion to Alter or Amend the Judgment" [Dkt. # 61] is DENIED and his objections [Dkt. # 60] are OVERRULED.

9

      IT IS FURTHER ORDERED that Plaintiff's two motions to compel [Dkt. ## 58, 59] are DENIED as moot.

                                s/Robert H. Cleland  
                                ROBERT H. CLELAND  
                                UNITED STATES DISTRICT JUDGE

Dated: May 20, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 20, 2009, by electronic and/or ordinary mail.

                                s/Lisa G. Wagner  
                                Case Manager and Deputy Clerk  
                                (313) 234-5522